# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVE SZARF,

      Plaintiff,

vs.    Case No:

HIGH TECH COMMUNICATIONS,    JURY DEMAND
INC., d/b/a CELLULAR PLUS,

SCOTT A JONES

      Defendants

## REPRESENTATIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Dave Szarf, by and through counsel, and hereby set forth his Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

### NATURE OF COMPLAINT

1.  Plaintiff, Dave Szarf brings this action against High Tech Communication, Inc, d/b/a Cellular Plus and Scott A. Jones for failure to pay minimum wages and for unpaid overtime compensation and related penalties and damages and for failure to pay its employees for all hours worked. Plaintiff alleges, on behalf of himself and all other similarly situated hourly employees of Defendants, that Defendants failed and refused to pay them, and all others similarly situated, the legal minimum wages and for overtime pay for overtime worked and failed and refused to pay them and all other similarly situated hourly employees straight time for all hours worked. Plaintiff would show the Defendants conspired to commit said violation and as such are jointly and severally liable for all monies owed to Plaintiff.

2.  Defendants' practices are in direct violation of the Fair Labor Standards act ("FLSA"), 29 U.S.C § 201, *et seq.* Plaintiff sees injunctive and declaratory relief; overtime

premiums for all overtime work required, suffered, or permitted by Defendants; minimum wage pay for all hours worked and not fully compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. Defendants' practices and policies are, and for the past three years have been, to willfully fail and refuse to pay the applicable minimum hourly rate and fail and refuse to pay overtime compensation due and owing to Plaintiff and all other similarly situated employees, in violation of the FLSA, and to willfully fail to compensate Plaintiff and all other similarly situated employees for all hours worked while employed by Defendants. Defendants have instituted and carried out an unlawful policy and practice of refusing to pay all such employees for the applicable minimum hourly wage, failed to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4. Currently and for the last three years, Defendants' employees have worked overtime hours.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

6. The Middle District of Tennessee, Middle Division, has personal jurisdiction over Defendants because it is doing business in this judicial District. All actions complained about herein occurred in middle Tennessee.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

8. The Plaintiff Dave Szarf is a resident of Smyrna, Rutherford County, Tennessee. Defendants employed Plaintiff Szarf as a retail store employee until present. During his employment with Defendants, Mr. Szarf regularly worked periods of time for which he was compensated less than minimum wage per hour and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

9. At all relevant times, Mr. Szarf was an employee of Defendants for FLSA purposes.

10. *Representative Action Members* -The putative members of the representative action are those current and former employees of Defendants who are similarly situated to either Mr. Szarf who were suffered or permitted to work by Defendants and not paid the applicable minimum wage for hours worked as well as those current and former employees of Defendants who are similarly situated to either Ms. Szarf who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

11. Defendant, High Tech Communication, Inc, d/b/a Cellular Plus, is a retail business that sell cellular phones; plans, and related equipment. Defendant is organized under the laws of the State of Tennessee with its primary place of business in Franklin, Williamson County, Tennessee.

12. Defendant Scott A. Jones is an individual and is the sole shareholder of Defendant High Tech Communication, Inc. d/b/a Cellular Plus.

13. Defendant Scott A. Jones is using High Tech Communications, Inc. to shield him for personal liability for his intentional failure to pay his employees the federally prescribed minimum wage and appropriate overtime.

14. Defendant Scott A. Jones has conspired with Defendant High Tech Communications, Inc. to intentionally and willfully fail to pay all their employees the federally prescribed minimum wage and appropriate overtime.

15. Defendants employ or employed the Named Plaintiff and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

16. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 26 U.S.C § 216(b), on behalf of all persons who were, are, or will be employed by Defendants in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked, not paid the applicable minimum wage for hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

17. This Complaint may be brought and maintained as an "opt in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff Dave Szarf, the Representative, because the claims of Dave Szarf are similar to the claims of the putative plaintiff if the representative action.

18. Dave Szarf is similarly situated to the putative plaintiffs working as inside sales persons for Defendants, has substantially similar job requirements and pay provisions, and was subject to Defendants' common practice, policy, or plan of failing to pay applicable minimum wage, and refusing to pay employees for a all hours worked and/or refusing to pay overtime in violation of FLSA.

19. The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

20. Defendants failed or refused to pay its employees for all time worked and for all overtime hours worked.

21. Defendants paid its employees fifty-five and 00/100 ($55.00) Dollars for each day the employee worked for 8 or more hours. In generally, the employees would work in excess of 40 (forty) hours each week and more than 8 hours per day. This was provided before taxes were taken out of this pay rate.

22. Defendants paid its employees forty and 00/100 ($40.00) Dollars per day for each day the employee worked between 6 and 7.99 hours. This was provided before taxes were taken out of this pay rate.

23. Defendants would pay its employees twenty five and 00/100 ($25.00) Dollars per day for each day the employee worked between 4 and 5.99 hours. This was provided before taxes were taken out of this pay rate.

24. Defendants did not pay any overtime wages when the employees worked over forty (40) hours in one week.

25. Defendants failed to pay minimum wages for each and every hour their employees worked.

26. At all relevant times, Defendants had no written policies governing how it would account for hours worked before an employee's shift began or after an employee's shift ended or for work performed during unpaid break and/or lunch periods.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff Dave Szarf, on behalf of himself and all similarly situated employees of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 26 as if they were set forth fully herein.

28. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C § 203. At all relevant times, Defendants have employed and/pr continues to employ "employee[s]," including Plaintiff and each of the putative members of the FLSA representative action. At all times, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars). Defendants through their business enterprises are engaged in interstate commerce. Defendants, in the normal course of business, do business through the United States mail as well as over the telephone and engage in business with persons who are not from the State of Tennessee.

29. The FLSA requires each covered employer to pay its employees a minimum wage per hour. From July 24, 2009 until present the applicable minimum wage is $7.25 per hour

30. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at the minimum hourly rate set forth previously and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

31. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff and the putative members of the FSLA representative action are entitled to be paid compensation for all hours worked, to be paid a minimum wage, and are entitled to be paid overtime compensation for all overtime hours worked over forty hours in each work week.

32. The Defendants failed to pay it employees the appropriate minimum wage for hours worked.

33. The Defendants failed to pay its employees a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week

6.
Case 3:10-cv-00203   Document 1   Filed 03/01/10   Page 6 of 8 PageID #: 6

34. As a result of Defendants' failure to compensate its employees, including Plaintiff and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C § 255 (a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

(1) Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b).

(2) Designation of Plaintiff, Dave Szarf as Representative Plaintiff of the putative members of the FLSA representative action;

(3) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

(4) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth herein;

(5) An award of damages, including liquidated damages, to be paid by Defendants;

(6) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and experts fees;

(7) Pre-Judgment and Post-Judgment interest, as provided by law; and

(8) Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

_____
Jonathan A. Street, #021712
James S. Higgins, #16142
Attorney for the Plaintiff
Higgins, Himmelberg, and Piliponis
116 3rd Ave South
Nashville, TN 37201