IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVE SZARF ) | |
|     Plaintiff, ) | |
| ) | Case No. 3:10cv203 |
| v. ) | |
| ) | |
| HIGH TECH COMMUNICATIONS, INC., ) | Judge Echols |
| dba CELLULAR PLUS, ) | |
| SCOTT JONES, ) | Mag. Judge Griffin |
|     Defendants. ) | |
| ) | |

## ANSWER FILED ON BEHALF OF DEFENDANTS

Come now the Defendants High Tech Communications, Inc., Cellular Plus, and Scott Jones (hereinafter "Defendants"), by and through counsel, to respond to the Complaint filed against them in the above-captioned cause of action.

1. Defendants admit that Plaintiff is an employee of Defendants. All other averments contained in paragraph 1 are denied.

2. Defendants deny all averments contained in paragraph 2.

3. Defendants deny all averments contained in paragraph 3.

4. Defendants admit that some employees do work overtime hours, but deny that all employees work overtime.

5. Defendants admit the averments of paragraph 5.

6. Defendants admits the averments of paragraph 6, but deny any violations.

7. Defendants admit the averments of paragraph 7.

8. Upon information and belief, Defendants admit that Plaintiff is a resident of Smyrna, Rutherford County, Tennessee. In response to the remaining averments

1

in paragraph 8, Defendants admit that Plaintiff is an employee of Defendants, but deny that Plaintiff was not lawfully compensated.

9. Defendants admit the averments of paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the averments of paragraph 10.

11. Defendants admit the averments of paragraph 11.

12. Defendants admit the averments of paragraph 12.

13. Defendants deny the averments of paragraph 13.

14. Defendants deny the averments of paragraph 14.

15. Defendants admit that Plaintiff is employed by Defendants, but lack knowledge or information sufficient to form a belief about the remaining averments in paragraph 15.

16. Defendants deny the averments of paragraph 16 as Defendants have no knowledge of any consent forms having been filed with the court for any putative members of Plaintiff's alleged class.

17. Defendants deny the averments of paragraph 17 as Defendants have no knowledge of any consent forms having been filed with the court for any putative members of Plaintiff's alleged class.

18. Defendants deny the averments of paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the averments of paragraph 19. However, as noted, Defendants have no knowledge of any consent forms having been filed with the court for any putative members of Plaintiff's alleged class.

2

20. Defendants deny the averments of paragraph 20.

21. As to the first averment of paragraph 21, Defendants admit that some employees were paid a shift rate of fifty-five dollars ($55.00) per 8 hour day as a portion of their pay, but deny that all employees were paid at that rate. Defendants deny the second averment of paragraph 21. Defendants deny the third averment of paragraph 21 as stated.

22. As to the first averment of paragraph 22, Defendants admit that some employees were paid a shift rate of forty dollars ($40.00) per 6-7.99 hour day as a portion of their pay, but deny that all employees were paid at that rate. Defendants deny the second averment of paragraph 22 as stated.

23. As to the first averment of paragraph 23, Defendants admit that some employees were paid a shift rate of twenty-five dollars ($25.00) per 4-5.99 hour day as a portion of their pay, but deny that all employees were paid at that rate. Defendants deny the second averment of paragraph 23 as stated.

24. Defendants deny the averments of paragraph 24.

25. Defendants deny the averments of paragraph 25.

26. Defendants deny the averments of paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the averments of paragraph 27.

28. Defendants admit the averments of paragraph 28, with the exception of references to putative members about which they have no knowledge.

29. Defendants admit the averments of paragraph 29.

30. Defendants admit the averments of paragraph 30.

31. Defendants admit the averments of paragraph 31 as they apply to the Plaintiff, but deny the averments as they apply to unidentified and non-consenting putative members.

32. Defendants deny the averments of paragraph 32.

33. Defendants deny the averments of paragraph 33.

34. Defendants deny the averments of paragraph 34.

35. Defendants deny the averments of paragraph 35.

36. All averments of the Complaint not heretofore admitted or denied are hereby denied.

37. For answer to the Plaintiff's prayers for relief, Defendants deny that Plaintiff is entitled to any relief as currently stated in the Complaint.

## DEFENSES

1. Plaintiff has failed to file with the court any consent forms necessary under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and is therefore not entitled to bring a representative action.

2. Defendants acted with a good faith belief that their actions were in accordance with the FLSA and all applicable laws, and had reasonable grounds for believing that their conduct was not a violation.

Respectfully Submitted,

_s/ Nanette J. Gould_____
Nanette Gould (BPR #026330)
*Attorney for Defendants*
2021 Richard Jones Rd., Ste. 350
Nashville, TN 37215
(615) 383-3332
ngould@attorneyngould.com

4

Case 3:10-cv-00203   Document 7   Filed 04/07/10   Page 4 of 5 PageID #: 24

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2010, a copy of the foregoing Answer was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

> Jonathan A. Street
> James S. Higgins
> Higgins, Himmelberg, and Piliponis
> 116 3rd Ave. S.
> Nashville, TN 37201

This 7th day of April, 2010

> s/ Nanette J. Gould
> Nanette J. Gould (#026330)