# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Dave Szarf,

        **Plaintiff**

vs.

High Tech Communications, Inc., d/b/a Cellular Plus, and Scott A. Jones,

        **Defendant**

Case No: 3:10-CV-0203,
Judge Echols

Mag. Judge Griffin

**JURY DEMAND**

## CASE MANAGEMENT ORDER

On April 29, 2010, an Initial Case Management Conference was held at 10:00 AM in this action before the Honorable Judge Griffin. Prior to the hearing, counsel for the parties conferred concerning case management issues. This Order constitutes the initial case management plan developed by the parties as required by Local Rule 11(d)(1)(b)(2), as approved by the Court.

1.    The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 1343 and 28 U.S.C. § 1367(a).

2.    **Mandatory Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties make their initial disclosures by June 9, 2010.

3.    **Discovery.** Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences and have otherwise complied with Local Rule 37.01.

4.    **Dispositive Motions.** Briefs shall not exceed <u>twenty-five (25) pages.</u>

A.  *Service of Process*.

Service of process in this case has been made on all Defendants.

B.  *Responsive Pleadings*.

Defendants have filed an answer in this matter.

C.  *Jurisdiction of the Court*.

Jurisdiction in this case is based on the existence of a federal question. This action arises under the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq. The Plaintiff avers that the state claims are proper in this court under 28 U.S.C. § 1367 (a). Plaintiff brings this case on behalf of himself and all other employees similarly situated under 29 U.S.C. § 216(b).

D.  *Nature of the Claims.*

This is an action for damages arising from Defendants' alleged intentional and/or negligent acts which allegedly resulted in violation of the Plaintiffs' rights under the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq.

F.  *Venue*

Venue is proper in the Middle District Court of Tennessee as all events averred to in this complaint occurred in Davidson County, Tennessee. Also, all parties are residents in the State of Tennessee.

G.  *Discovery*

    a.  Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before June 9, 2010.

    b.  All fact discovery will be completed on or before November 15, 2010.

    c.  Plaintiff shall disclose expert witnesses and shall provide the reports required by Rule 26(a)(2) no later than September 20, 2010, and shall make them available for deposition no later than December 20, 2010 or as otherwise agreed by the parties.

        d.       Defendants shall disclose expert witnesses and shall provide the reports required by Rule 26(a)(2) no later than October 22, 2010 and available for deposition no later than January 21, 2011, or as otherwise agreed by the parties.

H.    *Dispositive Motions*

Dispositive motions shall be filed on or before February 10, 2011. Responses shall be filed by March 11, 2011. Optional reply briefs may be filed fourteen (14) days after the filing of the response.

I.    *Trial Date*

This case is set for trial beginning at 9:00 a.m. on July 26, 2011, before the Honorable Judge Robert Echols. A pre-trial conference is for 1:00 p.m. on June 27, 2011, before the Honorable Judge Echols.

J.    *Theories and Issues*

    i.    **Plaintiff's Theories of the Case**

Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 26 U.S.C § 216(b), on behalf of all persons who were, are, or will be employed by Defendants within three years from the commencement of this action. Defendants in this matter paid its employees $55.00 for each day the employee worked for 8 or more hours. In general, the employees would work in excess of 40 (forty) hours each week and more than 8 hours per day. This was provided before taxes were taken out of this pay rate.

When the employee worked from 6 to 7.99 hours Defendants paid them $40 for that day. Again, this was provided before taxes were taken out of this pay rate. Defendants would pay its employees twenty five and 00/100 ($25.00) Dollars per day for each day the employee worked

3

between 4 and 5.99 hours before taxes were taken out. Defendants never paid any employee overtime for work over 40 hours per week.

As a result of this pay scheme, the Defendants failed to pay its employees both the required minimum wage and also failed to pay them the required rate of 1.5 times their average wage rate for all hours worked in excess of 40 hours per week. Plaintiffs maintain not only did the Defendant fail to pay them as legally required by the FLSA, their failure to do so was willful.

        ii.    **Defendants' Theories of the Case.**

Defendants deny that there was any intentional or willful failure to pay the required minimum wage and/or overtime to the Plaintiff or any putative plaintiffs. Defendants constructed a well-designed procedure to ensure that all wages paid to all employees met the minimum wage and overtime standards of the FLSA, but admit that the procedure failed to work as designed on at least one occasion with regard to Plaintiff. Defendants are fully prepared to make restitution to Plaintiff for any shortage in wages and/or overtime pay.

Defendants deny that any putative plaintiffs are eligible to participate in this lawsuit as no written consents other than that of the Plaintiff have been filed with the Court.

    K.    *Issues Resolved*

All issues are in dispute at this time.

    L.    *Settlement*

There have been no settlement discussions at this time. The parties shall submit a mediation report to the court by December 1, 2010.

    M.    *Complex Issues and Special Handling*

The parties see no need for adopting special procedures at this time but the parties agree that if issues should develop regarding a need for special procedures, the parties shall attempt to

resolve that by agreement, and inform the Court of their proposed agreement at the appropriate case management conference and shall do so prior to filing any motion.

**IT IS SO ORDERED.**

_____
JUDGE JULIET GRIFFIN

APPROVED FOR ENTRY:

HIGGINS, HIMMELBERG & PILIPONIS, PLLC


  /s/ Jonathan A. Street
**James S. Higgins #016142**
**Jonathan A. Street #021712**
116 Third Ave South
Nashville, Tennessee 37201
(615) 353-0930

**Attorneys for Plaintiff**


  /s/ Nanette Gould
**Nanette Gould #026330**
2021 Richard Jones Rd., Ste. 350
Nashville, TN 37215
(615) 383-3332

**Attorney for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that this Case Management Order is being filed electronically as required by the Local Rules of Court and the Attorney for the Defendants is receiving a copy of this document via email on this the _____ day of _____, 2010.

                                    **/s/ Jonathan A. Street**