IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVE SZARF ) | |
| ) | |
| v. ) | No. 3-10-0203 |
| ) | |
| HIGH TECH COMMUNICATIONS, ) | |
| INC. d/b/a Cellular Plus; and SCOTT ) | |
| A. JONES ) | |

O R D E R

Pursuant to the order entered May 5, 2010 (Docket Entry No. 12), counsel for the parties called the Court on May 19, 2010, at which time they advised that they will not be able to reach an early settlement in this case.

The parties' proposed case management order (Docket Entry No. 11) has been approved and entered, with modifications addressed on May 19, 2010. Those modifications and other matters addressed on May 19, 2010, are as follows:

1.      The parties shall have until June 9, 2010, to serve initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2.      Defendants' counsel reported that the U.S. Department of Labor ("DOL") has just instituted an audit of the defendants' payroll records and has taken the defendants' records. DOL is required to complete its audit and return those records within 90 days, unless that time is further extended, but defendants' counsel reported that the DOL officials have advised that they will be able to complete the audit within 90 days at the latest.

3.      Defendants' counsel advised that all payroll records, including clock in and clock out times, have, however, been produced for the plaintiff and two other employees. Plaintiffs' counsel expressed concern that he had not received clock in and clock out times, but defendants' counsel committed to verifying that plaintiff's counsel had indeed received those records.

4. The defendants do not contest that the plaintiff is similarly situated to all other employees of the defendants. As a result, plaintiff's counsel agreed that it was not necessary to obtain any other employee records before filing a motion for conditional class certification.

5. The plaintiff shall have until June 18, 2010, to file a motion for conditional class certification. The defendant shall have 14 days from the filing of the motion or until July 2, 2010, if the motion is filed on June 18, 2010, to file a response. Any reply, if necessary, shall be filed within ten (10) calendar days of the filing of the response or by July 12, 2010, if the response is filed on July 2, 2010.

No other filings in support of or in opposition to the plaintiff's anticipated motion for conditional class certification shall be made except with the express permission of the Honorable Robert L. Echols.

There shall be no stay of discovery during the pendency of the plaintiff's anticipated motion for conditional class certification.

6. Because the parties anticipate little discovery of electronically stored information, except for payroll records that can easily be produced electronically, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

7. All fact discovery shall be completed by November 15, 2010.

8. Any discovery motion related to fact discovery shall be filed by November 19, 2010.

9. The plaintiff shall have until September 20, 2010, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. Any depositions of the plaintiff's experts shall be taken by December 20, 2010.

11. The defendants shall have until October 22, 2010, to serve their Rule 26(a)(2) expert disclosures.

12. Any depositions of the defendants' experts shall be taken by January 21, 2011.

13. Any motions to amend the pleadings shall be filed by December 1, 2010.

14. Any dispositive motion shall be filed by February 10, 2011. Any response shall be filed within 29 days of the filing of the motion or by March 11, 2011, if the motion is filed on February 10, 2011. Any reply, if necessary shall be filed within 14 days of the filing of the response or by March 25, 2011, if the response is filed on March 11, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with Judge Echols' express permission.

There shall be no stay of discovery before the November 15, 2010, deadline for completion of fact discovery or the January 21, 2011, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

15. Counsel for the parties shall convene a telephone conference call with the Court on **Tuesday, August 24, 2010, at 1:00 p.m.,** to be initiated by defendant's counsel, to address whether DOL has completed its audit and returned documents to the defendants, the status of discovery, the potential for settlement, propriety of ADR, and any other appropriate matters.

In consultation with Judge Echols' office, a jury trial is scheduled to begin on **Tuesday, July 26, 2011, at 9:00 a.m.** The parties anticipate that the trial will last 2-3 days.

A pretrial conference is also scheduled before Judge Echols on **Monday, June 27, 2011, at 1:00 p.m.**

The parties' obligations prior to the pretrial conference will be set forth by separately entered order.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge