IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVE SZARF, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case No: 3:10-cv-203 |
| ] | |
| HIGH TECH COMMUNICATIONS, ] | Judge Echols |
| INC., d/b/a CELLULAR PLUS, SCOTT ] | |
| JONES ] | Mag. Judge Griffin |
| ] | |
| Defendants. | |

## MOTION TO PARTIALLY ALTER OR AMEND SCHEDULING ORDER

Comes now the Plaintiffs, by and through counsel, and move this honorable court to partially alter or amend the scheduling order in this matter. In support of this Plaintiff would state the following to the court:

1. At the initial hearing to set a scheduling order counsel for Plaintiff was operating remotely from his home as their office was damaged by the flood. At that time, the law firm was under the belief that the office and its computer systems would be operational within reasonable period of time. The anticipated time to return to normal operation came and passed. This includes a deadline of Friday, June 18, 2010 to file their Motion and Brief in support of conditional certification for the class in this matter..

2. The firm was unable to return to the office until June 11, 2010. If the delay in returning to the office was the only problem our office could possibly have abided with the scheduling order. Unfortunately, while out of the office the firm's server failed, all information contained in the case management software was lost, and the firm's e-mail was rendered inoperational.

3. Our Information Technology contractor has been unable to restore this information and an entire new server had to be purchased and installed. In fact, as this motion is being drafted the firm's computer company is in the process of completing the installation of the server. We are told that the process should hopefully be complete by tomorrow.

4. As a result of this delay, counsel is dealing with a near legal catastrophe not only on this case, but all of counsel's cases. Accordingly, Plaintiff moves the court for a brief extension of the deadlines in this case. Specifically, if all deadlines prior to the discovery deadline date be extended thirty (30) days counsel should be able to comply. There would be no need to extend the discovery deadline or any other deadlines as a result.

WHEREFORE PLAINTIFF'S PRAY this honorable court alter the scheduling order as laid out in this Motion.

Respectfully Submitted,

  /s/ Jonathan A. Street
Jonathan A. Street, # 21712
Attorney for Plaintiff
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic mail through the Middle District of Tennessee electronic filing system and U.S. Mail this 16th day of June, 2010 to the following:

Nanette Gould
2021 Richard Jones Rd., Ste 350
Nashville, Tennessee 37215
Via Facsimile (423) 283-6301

  **/s/ Jonathan A. Street**
  **JONATHAN A. STREET**